DAVID FRENCH AND SARAH FRENCH *v.* JEREMIAH FRENCH'S ESTATE.

### Advancement.    Probate Court.

The intestate died in 1835. In 1836, all his estate, except the widow's dower and the reversion thereof, was distributed among his five children, by a decree of the probate court. Said decree ordered that an advancement of $3,177.30 to D., one of the children, be reckoned towards his share of the estate, and it was reckoned accordingly by the commissioners of partition and distribution, who reported that the excess thereof over D's share was $991.71. It appeared on the face of the report, that the true excess was $793.37. In 1867, on a petition for partition of said dower land among said children, the probate court decreed that said sum of $991.71 be reckoned as part of D's share thereof, and the county court affirmed said decree. *Held*, no error.

*Held*, also, that the probate court was not conclu ed by the · statement of said commissioners as to the excess of said advancement over D's share of the estate.

APPEAL from a decree of the probate court for the district of Chittenden.

The case was this. Jeremiah French died intestate in February, 1835, leaving a widow, who died in 1858, and five children, of whom the plaintiffs were two. Dower having been assigned to the widow, the probate court on the 18th of January, 1836, by a

decree for that purpose, distributed all the residue of the estate, except the reversion of the widow's dower, among said children ; and in May, 1836, the same was partitioned and distributed accordingly, by commissioners appointed for that purpose.  In said decree it was ordered that the sum of $3,177.30, which had been given to the plaintiff David French by the testator, by way of advancement, be reckoned as part of the said David's share of the estate ; and said commissioners were ordered by their warrant, to reckon the same accordingly in the partition and distribution of said estate, which they did ; and in their report they stated that the same exceeded the said David's share of the estate to the amount of $991.71 ; and they partitioned and distributed nothing to the said David.  It appeared upon the face of said report, and was conceded, that said excess was only the sum of $793.37.

In April, 1867, the plaintiffs brought their petition to the probate court, praying that the lands assigned to the widow as dower, be partitioned, and that their share thereof be set out to them in severalty.  The probate court, by a decree for that purpose, granted the prayer of said petition, and appointed commissioners to partition and set out said lands accordingly, and ordered that said sum of $991.71 be reckoned as part and parcel of the said David's share therein ; from which decree the petitioners appealed.  The county court, at the September term, 1873, PIERPOINT, Ch. J., presiding, affirmed said decree, pro forma ; to which the plaintiff excepted.

*Charles E. Allen* and *E. J. Phelps*, for the plaintiffs.

The surplus of the advancement to David French, formed no part of the reversion of the widow's dower, and could not be taken into account by the probate court in dividing that reversion. The widow's dower consisted only of such real estate belonging to the intestate at the time of his death, as was assigned as dower by the probate court.  This claim against David French for money advanced him by the intestate in his lifetime, was not real estate, and was not assigned to, nor ever possessed by, the widow.  It formed, therefore, no portion of the dower, nor of the reversion of the dower.  The surplus of it was not even a debt to the estate

from David French; because the statute expressly declares that such surplus the heir shall not be liable to refund. Gen. Sts. ch. 56, § 14. Even if it had been such a debt, it would have been barred six times over by the statute of limitations, before the present proceeding was commenced. And independent of the statute of limitations, the lapse of time, thirty-four years, would have raised a conclusive presumption of payment or discharge of it. Even if it was a valid debt and not barred, the probate court had no power to take it into account in such a proceeding. *Keeler* v. *Exrs. of Keeler*, 39 Vt. 550. The estate of the heir in the reversion, was a vested estate immediately upon the assignment of the dower. His title was then complete as a tenant in common with the other heirs, subject to the widow's life-estate. During that life-estate, as well as after, his interest could be sold, mortgaged, attached, or set off on execution. 2 Washb. Real Prop. 222, 228, note, 270, 414; *Stockwell* v. *Sargent et al.* 37 Vt. 16; *Croxall* v. *Shererd*, 5 Wal. 268; *Brown et al.* v. *Lawrence et al.* 3 Cush. 390. The partition and distribution of the estate among the heirs in 1836, was a complete and final proceeding. It was not a matter to be carried forward for future adjustment. It had no relation whatever to the right of the heirs in the reversion of the dower, nor to the subsequent partition of that reversion among them. The two proceedings are entirely independent and distinct.

If the surplus advancement is to be brought forward by way of accounting, it should be reckoned correctly.

*E. R. Hard, R. S. Taft*, and *C. W. Brownell, Jr.*, for the defendant.

We insist that the decree of the probate court made January 18, 1836, distributing the estate of Jeremiah French is final and conclusive as to the interest of David French in that estate. It is objected against that decree, that no petition was made to the probate court with reference to adjudicating upon the question of advancements; and, also, that the records show that no notice was given to David French of any hearing with reference to such advancements. The decree being within the appropriate jurisdiction

of the probate court, will be presumed to have been made upon suffi-
cient previous proceedings, unless the contrary appears from the
record itself, and parol evidence in the premises is not admissible.
*Collard* v. *Crane*, Brayt. 18 ; *Judge of Probate* v. *Fillmore*, 1 D.
Chip. 420 ; *Sparhawk et als.* v. *Buell et als.* 9 Vt. 41, 77 ; *Gid-
dings et als.* v. *Smith et al.* 15 Vt. 344 ; *Doolittle et als.* v. *Holton*,
28 Vt. 819.

It cannot well be claimed that the decree was without the juris-
diction of the court, except so far as David's share, *then to be
divided*, was concerned. In the settlement of estates, probate
courts are courts of general jurisdiction. *Adams* v. *Adams*, 22
Vt. 50 ; *Holden* v. *Scanlin*, 30 Vt. 177. And especially have
they jurisdiction over all questions of advancements. *Robinson*
v. *Swift*, admr. 3 Vt. 283 ; *Adams* v. *Adams*, *supra*. The
decree then made was strictly within the jurisdiction of the
court, both under the decisions and the statutes, and being unap-
pealed from, can no more be opened or re-examined than the judg-
ment of any other court. *Rix* v. *Smith*, 8 Vt. 365 ; *Lawrence*
v. *Englesby*, 24 Vt. 42 ; Slade Sts. 349, § 79.

The estate being intestate, it is not just that David French
should receive one thousand dollars more than each of the other
heirs.

The opinion of the court was delivered by

REDFIELD, J. The petitioners seek a division of lands decreed
to the widow of Jeremiah French as dower, among his heirs-at-law.
A former decree had distributed to the heirs all the estate, ex-
cept the widow's dower, but not including the reversion. David
French had received an *advancement* in the lifetime of his
father, in a larger sum than his share in the first distribution ;
hence he received no share of the estate in that distribution.
The commissioners making the distribution were required, by
the order of the probate court, to consider this advancement to
David French. They did so ; and finding it in excess of what
otherwise would be his share, allowed none to him ; and stated
that excess to be $991.71. This sum the probate court ordered
deducted from David French's share in the widow's dower. It

is admitted that the commissioners erroneously stated such excess, and that the true sum is $793.37, all of which appears on the face of the report.

. I.   It is insisted that the probate court erred in requiring this excess to be deducted from the share of David French in the widow's dower.   We think this exception cannot be sustained. The statute requires advancements to heirs to be deducted from their distributive shares in the estate of the ancestor; if the advancement exceeds such shares, then they will be excluded in the distribution.   There may be contingent claims, or other sufficient reasons why the whole estate cannot, at first, be properly distributed ; and sometimes but a small portion.   There is nothing in the statute, nor in reason, why the advancement should not be deducted from the share in the *estate*, whether that share be ascertained by one, or more distributions.

II.   It is claimed that the probate court is concluded by the statement of the commissioners as to the excess of the advancement to David French above his share in the first distribution. The sum of the advancement was stated in the commissioners' warrant.   They were required to consider that in making the distribution ; and " if the amount so advanced shall exceed the share of the heir, he shall be excluded from any further share," &c. It was found to " exceed," and therefore the heir was excluded. How much it " exceeded," was not important or essential to the decree in the premises.   The commissioners found that the portion of the estate included in their warrant, should be distributed to the four heirs, to the exclusion of David French, because the advancement to him exceeded his share in that distribution.   The distribution was right, and, in that, the commissioners discharged their full duty.   They were not required to compute what remained of the advancement, to be set off against a future distribution.   The data remained of record, and could as well be computed when occasion required it.   This is not a question of the conclusiveness of a decree of the probate court; but of a matter upon which no decree has been made.   The whole matter of closing the estate and distributing the residue, is wholly within the power and jurisdiction of the probate court; and we see no im-

47

pediment to the distribution of the estate as the statute requires. *Keeler* v. *Exrs. of Keeler*, 39 Vt. 550; *Adams* v. *Adams*, 22 Vt. 58.

The judgment of the county court is therefore reversed, and judgment that the decree of the probate court be corrected by computing the uncanceled balance of the advancement to David French at $793.37, instead of $991.71; and, in all other respects, affirmed; and that the same be certified to the probate court.